UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| NANCY ABBIE TALLENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:23-CV-51-TRM-JEM |
| | ) |
| UNITED STATES on behalf of | ) |
| INTERNAL REVENUE SERVICE, | ) |
| DEPARTMENT OF JUSTICE, and | ) |
| FEDERAL BUREAU OF INVESTIGATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Referral Order of United States Chief District Judge Travis R. McDonough [Doc. 27]. For the reasons explained below, the undersigned **RECOMMENDS** that Chief District Judge McDonough **STRIKE** Plaintiff's Amended Complaint [**Doc. 9**] and consider Plaintiff's original Complaint [Doc. 2] as the operative pleading in this case. Should he adopt this recommendation, the undersigned further **RECOMMENDS** that he **STRIKE** Plaintiff's Notices [**Docs. 12, 13, 15, and 23**].

I.  **BACKGROUND**

On February 1, 2023, Plaintiff filed a motion to proceed in forma pauperis [Doc. 1] along with the Complaint [Doc. 2]. Naming only one Defendant, the Internal Revenue Service ("IRS"), a governmental agency of the United States, Plaintiff alleged that it refused to return an overpayment of approximately $40,000 and continues to demand additional payments [Doc. 2 pp. 1 & 3]. On February 10, 2023, the undersigned granted Plaintiff's motion to proceed in forma

pauperis and allowed the Complaint to pass the initial screening process pursuant to 28 U.S.C. § 1915 [Doc. 5].

Following the screening process, Plaintiff filed an Amended Complaint [Doc. 9] and later filed various Notices [Docs. 12, 13, 15, and 23]. Given that the Notices did not appear to be related to Plaintiff's case against the IRS, on May 2, 2023, the Court entered a Show Cause Order [Doc. 24] directing her to explain why the Court should not strike the Notices [Docs. 12, 13, 15, and 23]. The following day, on May 3, 2023, Plaintiff responded that the Notices [Docs. 12, 13, 15, and 23] are related to this case [Doc. 25]. Plaintiff noted that she filed an Amended Complaint [Doc. 9] pursuant to Rule 15(a) of the Federal Rules of Civil Procedure that "broadened the subject matter of this lawsuit and added new defendants that are all representative entities of the United States" [Doc. 25 p. 1]. On May 8, 2023, Chief District Judge McDonough referred the Amended Complaint to the undersigned for screening pursuant to 28 U.S.C. § 1915 [Doc. 27].

## II. RECOMMENDATION AFTER SCREENING

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the Court must dismiss an in forma pauperis action under 28 U.S.C. § 1915(e) if the Court determines that the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii). Courts also have a "continuing obligation to examine their subject matter jurisdiction throughout the pendency of every matter before them." *Mich. Emp't Sec. Comm'n v. Wolverine Radio Co., Inc., (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1137 (6th Cir. 1991) (footnote omitted).

A.      **Summary of the Complaint**

As Plaintiff acknowledges, "the Amended Complaint . . . broadened the subject matter of this lawsuit substantially and added new defendants that are all representative entities of the United States" [Doc. 25 p. 1]. The Amended Complaint names the United States, the IRS, the Federal Bureau of Investigation ("FBI"), and the Department of Justice ("DOJ") as Defendants [*Id*. ¶¶ 1 & 5–6]. While Plaintiff maintains her allegations relating to the overpayment to the IRS and its refusal to return the overpayment [*id*. ¶¶ 1, 5], she includes in the Amended Complaint allegations stemming from her other federal cases, state criminal cases, state domestic relations case, state eviction proceedings, and the alleged inactions of Oak Ridge officials to address Plaintiff's concerns relating to computer hacking, theft of property, animal control, vandalism, harassment, and extortion by various individuals. Generally, she alleges that the FBI and DOJ failed to "stop crimes and abuse[s] against" her that are committed by various state and federal agencies and actors [*Id*. ¶ 2]. The Amended Complaint cites to 28 U.S.C. § 1345; 26 U.S.C. § 7433; the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et. seq*.; 42 U.S.C. § 1983; and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 396 (1971) [Doc. 9 p. 4].[1]

Plaintiff seeks the following relief: (1) an immediate order for the FBI to investigate the hundreds of crimes committed against her, (2) an investigation into Plaintiff's criminal cases pending in Anderson County Circuit Court, (2) an investigation into the practices of the City of Oak Ridge given that police salaries are not reported, and police officers are given significant raises despite short durations of their employment, (3) removal of Judge Pemberton from the

---

[1] Section 1345 of Title 28 provides the Court with original jurisdiction over claims filed against the United States, and 26 U.S.C. § 7433 authorizes civil damages for the IRS's unauthorized collection actions. Given that the former statute relates to jurisdiction, and the Court has already determined Plaintiff stated a plausible claim against the IRS [*see* Doc. 5], the undersigned will not discuss these statutes in its analysis.

3

bench, and his position eliminated as unnecessary, (4) immediate investigation into the corruption of Oak Ridge Police Department, United States Court System, the United States District Court for the Eastern District of Tennessee, the Sixth Circuit Court of Appeals, and the United States Supreme Court, (5) an immediate investigation of the Board of Judicial Conduct for the State of Tennessee and federal judges, (6) an order requiring the FBI to investigate why the United States Supreme Court denied her writ of certiorari, (7) that the harassment and crimes against her stop, (8) her entire criminal record expunged with the costs borne by the Court, (9) her wrongful eviction record expunged with the costs borne by the Court, and (10) for the judges to "abide by the Federal Rules of Civil Procedure and behave according to the canons by which they were governed" [Doc. 9 pp. 25–29]. She also seeks damages in the amount of $37,625,000 [*Id*. at 28].

**B.     Screening the Complaint**

For the reasons explained below, the undersigned recommends that Chief District Judge McDonough strike Plaintiff's Amended Complaint [Doc. 9] because it does not survive screening under 28 U.S.C. § 1915 and consider Plaintiff's original Complaint [Doc. 2] as the operative pleading in this case. *See Knight v. Kitchen*, No. 2:19-CV-4166, 2021 WL 456723, at *1 (S.D. Ohio Feb. 9, 2021) (noting that the court had previously stricken the amended complaint and found the original complaint to be the operative pleading); *see also* Fed. R. Civ. P. 12(f)(1).

First, in construing Plaintiff's allegations liberally, it appears her primary allegation against the FBI and DOJ is that they will not investigate the various crimes committed against her, including the IRS's extortion [*Id.* ¶ 6]. But Plaintiff has "no statutory or common law right, much less a constitutional right, to an investigation." *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007) (citations omitted). As the Sixth Circuit Court of Appeals has explained:

> It is true that law enforcement officials can be liable for their inaction when they fail to perform a statutorily imposed duty to

4

> enforce the law equally and fairly. However, a failure to adequately investigate an incident does not state a claim unless the defendants violate a specific constitutional right of the plaintiff. Here[,] the plaintiff merely requested an investigation by the FBI, and he alleges that the response was inadequate. On these facts, the district court was correct to conclude that he had failed to state a claim.

*Buerger v. Smith*, No. 85–3307, 1985 WL 13876, at *1 (6th Cir. Oct. 9, 1985) (unpublished table opinion) (citations omitted); *see also Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Smallwood v. McDonald*, 805 F.2d 1036, 1986 WL 18183, at *1 (6th Cir. 1986) (unpublished table opinion) ("The failure to conduct a full and fair investigation and prosecution of an alleged crime does not state a claim unless there is a violation of another recognized constitutional right." (citation omitted)); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) ("We can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved." (citation omitted)); *Anderson v. Memphis Union Mission*, No. 222CV02402TLPATC, 2023 WL 2945317, at *9 (W.D. Tenn. Jan. 21, 2023) ("Instead, the decision to conduct the investigations requested by [the plaintiff] is left to the discretion of the governmental entities."), *report and recommendation adopted by* No. 222CV02402TLPATC, 2023 WL 2429496 (W.D. Tenn. Mar. 9, 2023); *Adams v. FBI San Francisco Field Off. Supervisor & Agents*, No. 19-CV-02977-YGR (PR), 2019 WL 5626261, at *2 (N.D. Cal. Oct. 31, 2019) (finding the plaintiff's claim that the FBI and an officer did not investigate his grievances failed to state a cognizable claim).

Second, Plaintiff relies on *Bivens*, 403 U.S. at 388, 42 U.S.C. § 1983, and the FTCA in her Amended Complaint [Doc. 9]. To the extent she names the federal agencies as Defendants [*see id*. at 5–6], the IRS, FBI, and the DOJ are not subject to suit. *See FDIC. v. Meyer*, 510 U.S. 471, 486 (1994) (holding that *Bivens* does not provide a cause of action against federal agencies);

5

*Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("The federal government and its officials are not subject to suit under 42 U.S.C. § 1983." (citation omitted)); *Chomic v. United States*, 377 F.3d 607, 608 (6th Cir. 2004) ("[A] federal agency cannot be sued under the FTCA."). To the extent her claims are against the United States [*see* Doc. 9 p. 1], it "has not waived its immunity to a *Bivens* action," *Rider-El v. United States*, No. 2:22 CV 13022, 2023 WL 2761701, at *3 (E.D. Mich. Apr. 3, 2023), it is not subject to suit under § 1983, *see Connor*, 99 F. App'x at 580, and the discretionary function bars any FTCA claim in this case against the United States,[2] *Bedell v. United States*, No. 1:16-CV-00019, 2016 WL 2647577, at *5 (M.D. Pa. May 10, 2016) ("It is clear that how and under what circumstances a law enforcement officer conducts a criminal investigation is a discretionary function." (collecting cases)), *aff'd*, 669 F. App'x 620 (3d Cir. 2016). *See also Kelly v. United States*, 924 F.2d 355, 362 (1st Cir. 1991) ("Since decisions to investigate, or not, are at the core of law enforcement activity, the bureau chiefs' challenged conduct involved precisely the kind of policy-rooted decisionmaking that section 2680(a) was designed to safeguard."); *Reeves v. U.S. Dep't of Treasury, Bureau of Alcohol, Tobacco & Firearms*, 809 F. Supp. 92, 96 (N.D. Ga. 1992) (finding the plaintiff failed to state a cause of action under the FTCA against the United States because the agent's "handling of the investigation and refusal to provide [the p]laintiff with protection [were] discretionary policy judgments, requiring choices on how to balance the goals and resources of ATF[,]" and therefore, such "decisions [fell] within the

---

[2] The FTCA provides exceptions to the United States' waiver of immunity. 28 U.S.C. § 2680. Often referred to as the "discretionary function," the FTCA's waiver does not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a).

discretionary function exception"), *aff'd sub nom. Reeves v. United States*, 996 F.2d 1232 (11th Cir. 1993).

Third, the additional allegations in the Amended Complaint [Doc. 9] are not related to Plaintiff's alleged overpayment to the IRS. Rule 20(a)(2) of the Federal Rules of Civil Procedure states that defendants may be joined in one action if:

> **(A)** any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> **(B)** any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(2)(A). Other than Plaintiff's conclusory allegation that that FBI failed to investigate the IRS's extortion and corruption [*see* Doc. 9 ¶¶ 6 & 22], none of the remaining allegations are related to Plaintiff's tax issue [*see, e.g.*, *id*. ¶ 32 (discussing Plaintiff's custodial proceedings); ¶ 35 (complaining that the United States Supreme Court denied her writ of certiorari); ¶¶ 36, 40–43 (complaints against judicial officers relating to Plaintiff's various state and federal cases). The additional allegations in the Amended Complaint [Doc. 9] are therefore not permitted by Rule 20. *See Glatz v. Newcomb*, No. 3:21-cv-26-DCLC-DCP, Doc. 7 pp. 9–11 (E.D. Tenn. Nov. 12, 2021) (dismissing multiple claims and several of the defendants at the screening phase because they were "not properly joined under Rule 20(a)(2)").

Fourth, this Court has no authority to grant much of the relief Plaintiff seeks (i.e., ordering the FBI to investigate alleged crimes). *See Leisure v. FBI*, 2 F. App'x 488, 490 (6th Cir. 2001) ("[T]he decision to initiate a criminal investigation is left within the FBI's discretion." (citing *Jafree v. Barber*, 689 F.2d 640, 643 (7th Cir. 1982)); *Peek v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970) (explaining that mandamus is not available to compel the Attorney General or United States Attorney to prosecute known civil rights violators, to alter the scope of their investigations, and to

7

conduct particular investigations since the investigation and institution of criminal prosecution falls within their discretion)). Nor does the Court have authority to remove Judge Pemberton from the bench and eliminate his position [*See* Doc. 9 ¶ 133]. *See Bredesen v. Tenn. Jud. Selection Comm'n*, 214 S.W.3d 419, 432 (Tenn. 2007) (explaining the limited means to remove a state court judge from office). And further, the Court generally does not have the authority to expunge an entire criminal record or an alleged wrongful eviction [*See* Doc. 9 ¶¶ 148–49]. *See Howard v. White Bluff Gen. Sessions Ct.*, No. 3:13-CV-00549, 2013 WL 3179531, at *1–2 (M.D. Tenn. June 20, 2013) (finding the plaintiff's request "to expunge his state criminal record" was barred (citing *Younger v. Harris*, 401 U.S. 37, 44–45 (1971))).

Finally, the additional allegations in the Amended Complaint [Doc. 9] are frivolous. As Plaintiff acknowledges throughout her Amended Complaint, many of the new allegations relate to cases that have either been dismissed in this Court or remain pending in this Court. *See, e.g.*, *Tallent v. Smith*, No. 3:22-cv-301-TAV-JEM, Doc. 7 (E.D. Tenn. May 4, 2023) (recommending that some claims be dismissed and that other claims pass the initial screening phrase); *Tallent v. Jones*, No. 3:22-cv-302-TAV-JEM, Doc. 10 (E.D. Tenn. Mar. 13, 2023) (dismissing without prejudice for lack of subject-matter jurisdiction); *Tallent v. Oak Ridge Methodist Med. Cntr.*, No. 3:23-cv-52-KAC-DCP, Doc. 4 (E.D. Tenn. Mar. 7, 2023) (recommending dismissal of the case for failure to state a claim upon which relief can be granted and for lack of jurisdiction); *Tallent v. Knight*, No. 3:20-CV-527-TAV-HBG, 2022 WL 264458, at *8 (E.D. Tenn. Jan. 27, 2022) (granting the defendants' motion for summary judgment), *appeal dismissed*, No. 22-5126, 2022 WL 18797097 (6th Cir. Nov. 10, 2022). To the extent Plaintiff disagrees with the decisions and recommendations rendered in those other cases, Plaintiff's recourse is to appeal the rulings with which she disagrees.

Because the undersigned recommends that Chief District Judge McDonough strike Plaintiff's Amended Complaint for all of the reasons outlined above, she further recommends that Chief District Judge McDonough strike Plaintiff's Notices [Docs. 12, 13, 15, and 23] because they are not relevant to the operative pleading. *See Van v. Black Angus Steakhouses, LLC*, No. 5:17-CV-06329-EJD, 2018 WL 2763330, at *2 (N.D. Cal. June 8, 2018) ("District courts possess the inherent power to control their dockets, to manage their own affairs, and to determine what appears in the court's records." (citation omitted)).

## III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS**[3] that Chief District Judge McDonough **STRIKE** Plaintiff's Amended Complaint [**Doc. 9**] because it does not survive screening pursuant to 28 U.S.C. § 1915 and consider Plaintiff's original Complaint [**Doc. 2**] as the operative pleading in this case. Should he agree with this recommendation, the undersigned further **RECOMMENDS** that he **STRIKE** Plaintiff's Notices [**Docs. 12, 13, 15, and 23**] because they are not relevant to the operative pleading in this case.

Respectfully submitted.

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).