UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NANCY ABBIE TALLENT, | ) | |
| | ) | Case No. 3:23-cv-51 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| UNITED STATES OF AMERICA on | ) | |
| behalf of INTERNAL REVENUE | ) | |
| SERVICE, DEPARTMENT OF | ) | |
| JUSTICE, and FEDERAL BUREAU | ) | |
| OF INVESTIGATION, | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION

Before the Court are pro se Plaintiff Nancy Abbie Tallent's objections to United States Magistrate Judge Jill E. McCook's report and recommendation that the Court strike Plaintiff's amended complaint (Doc. 32), motion to change venue (Doc. 28), motion for investigation (Doc. 30), motion for clarification (Doc. 37), and motion for extension of time to serve (Doc. 38).

### I.   BACKGROUND

Plaintiff filed the original complaint (Doc. 2) in this action on February 7, 2023, and contemporaneously filed a motion for leave to proceed *in forma pauperis* (Doc. 1). The original complaint alleged an overpayment-of-taxes claim against the Internal Revenue Service ("IRS"), pursuant to 26 U.S.C. § 7433. (Doc. 2, at 1–2.) Plaintiff also alleged that the IRS "knowingly and willfully sought to extort money, harass, and abuse [her,]" and that the Federal Bureau of Investigation ("FBI") "refused numerous pleas by the Plaintiff to investigate" such extortion, harassment, and abuse. (*Id.* at 2, 5.) Though Plaintiff did not name the FBI as a defendant or

allege a specific claim against it in the original complaint, she requested injunctive relief in the form of "an immediate order for the FBI to investigate the hundreds of crimes committed against the Plaintiff including extortion by the IRS and willfully refusing to respond to the issues laid out in this complaint." (*Id.* at 6.) The remainder of Plaintiff's requests for relief in the original complaint were for monetary damages against the IRS related to her alleged overpayment. (*Id.* at 7.)

Under the Prison Litigation Reform Act, district courts must screen pro se complaints— even when the plaintiff is not a prisoner but seeks *in forma pauperis* status—and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim on which relief may be granted, or name a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2); *Baker v. Wayne Cnty. Fam. Indep. Agency*, 75 F. App'x 501, 502 (6th Cir. 2003) ("The statute requires courts to dismiss in forma pauperis complaints that fail to state a claim[] and applies to complaints filed by non-prisoners as well as prisoners.") (citations omitted). Therefore, Magistrate Judge McCook screened Plaintiff's complaint prior to considering her motion to proceed *in forma pauperis*. On screening, Magistrate Judge McCook found that Plaintiff's claims should proceed and therefore granted Plaintiff's motion to proceed *in forma pauperis*. (*See* Doc. 5.)

Subsequently, on March 13, 2023, Plaintiff filed an amended complaint as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Doc. 9.) The amended complaint names the Department of Justice ("DOJ") and FBI as Defendants, in addition to the IRS. (*Id.* at 1, 5–6.) The amended complaint encompasses Plaintiff's prior overpayment-of-taxes claim pursuant to 26 U.S.C. § 7433, but it also asserts a claim which appears to be brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2401, 2671 *et seq.*, and the

2

Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. § 96 *et seq.*,

and adds nearly one hundred new paragraphs of factual allegations related to this FTCA/RICO

claim. (*Id.* at 1–6; *see* Docs. 9-1–9-11.) Plaintiff's FTCA/RICO claim against the FBI and DOJ

is based on her contention that these agencies "failed in their duty owed to stop the crimes and

abuse against the Plaintiff committed by the IRS, United States Courts from General Sessions to

the US Supreme Court, judges, magistrates, prosecutors, court clerks, the Oak Ridge Police

Department, police officers, Oak Ridge Methodist Medical Center, physicians, medical record

custodians, the City of Oak Ridge, city managers, city councilors, Anderson County Detention

Center, jailors, administrators and many other individuals working with the aforementioned

entities (organized crime)." (Doc. 9, at 1.)

Plaintiff's factual allegations span disagreements she has had with these individuals,

private entities, and the executive and judicial branches of local, state, and federal government.

(*Id.* at 6–25.) The allegations enumerate Plaintiff's disagreement with the outcomes of four

federal cases she has filed in the Eastern District of Tennessee, the dismissal of her appeal of one

such case to the Sixth Circuit, the denial of a writ of certiorari from that dismissed appeal, the

disposition of certain motions in her state child-custody case, the dismissal of a state case she

brought against Oak Ridge Police Department, the outcome of a state eviction proceeding against

her and her appeal, the prosecution and state criminal court's failure to dismiss pending charges

against her, and actions taken by the state criminal court in a prior criminal trial against Plaintiff.

(*Id.*) Plaintiff's allegations also discuss the hacking of her computer and phone, her inability to

access her medical records from Oak Ridge Methodist Medical Center, her accumulation of debt,

assaults against her by her sister, elder abuse committed against her mother by other family

members, installation of illegal surveillance equipment in her home without her consent,

vandalism of her car, disputes with Oak Ridge animal control, and additional seemingly unrelated incidents. Nonetheless, Plaintiff insists that, based on these court proceedings and alleged incidents, "[i]t is readily apparent that the court personnel, law enforcement, the City of Oak Ridge, the Oak Ridge Methodist Medical Center, the computer/phone hackers and other persons are working together to abuse [Plaintiff] at will. This is the definition of organized crime which the FBI has jurisdiction over under RICO." (*Id.* at 24.) After filing the amended complaint, Plaintiff moved to change venue because her amended complaint contains allegations against this Court, raising a conflict of interest. (Doc. 28.) She also filed a "motion for investigation" (Doc. 30), seeking an order from the Court "compelling the attorney general to investigate the Oak Ridge Police Department [] for a pattern of harassment, discrimination, brutality[,] and abuse of power against residents of the City of Oak Ridge." (Doc. 30, at 1.)

The undersigned referred the amended complaint to Magistrate Judge McCook for screening, as required by 28 U.S.C. § 1915(e)(2). (Doc. 27.) Magistrate Judge McCook screened the amended complaint and recommended that the undersigned strike the amended complaint and consider the original complaint as the operative pleading in this case. (Doc. 31.) Plaintiff timely filed objections (Doc. 32).

Shortly after Magistrate Judge McCook filed her report and recommendation, counsel for Defendant United States of America moved for an extension of time to respond to the complaint on the basis that (1) it was unclear which complaint would be operative and (2) if the Court allowed the amended complaint to proceed, Defendant would require additional time to confer with the newly joined federal entities. (Doc. 33, at 1.) Plaintiff opposed the motion (Doc. 34), but Magistrate Judge McCook granted the motion over Plaintiff's objections because they were

based on erroneous assertions of law, and the pending motions and report and recommendation presented good cause to extend Defendant's response time. (Doc. 35.)

After Magistrate Judge McCook granted Defendant's motion for an extension, Plaintiff filed a "motion for clarification" (Doc. 37). This motion asked the Court "[f]or an explanation of why" Defendant's motion for an extension was granted. (*Id.* at 2.) Further, because Plaintiff only served Defendant with the amended complaint and never served the original complaint, she moved for an extension of time to serve the original complaint in the event the report and recommendation striking the amended complaint were adopted. (Doc. 38.) These motions are ripe for the Court's review.

## II.     OBJECTIONS TO REPORT AND RECOMMENDATION

### A.     Standard of Review

A court must conduct a de novo review of those portions of a report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). Although a court is required to engage in a de novo review of specific objections, if the objections merely restate the arguments asserted in a defendant's earlier motion, which were addressed by a magistrate judge's report and recommendation, a court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."). The Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## B. Analysis

### i. *Screening Requirement*

Plaintiff first objects to the report and recommendation in its entirety based on her contention that the screening requirement for litigants seeking *in forma pauperis* status under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2), applies only to prisoners. (Doc. 32, at 1.) Because Plaintiff is not a prisoner, she argues, the Court must not screen her complaint. (*Id.*) Congress passed the Prison Litigation Reform Act in response "to a perceived deluge of frivolous lawsuits, and, in particular, frivolous prisoner suits," but it did not limit the statute's screening requirement to prisoner suits. *Benson v. O'Brian*, 179 F.3d 1014, 1015 (6th Cir. 1999) (first citing 28 U.S.C. § 1915(e)(2); and then citing 28 U.S.C. § 1915A). The Sixth Circuit has repeatedly held that complaints by non-prisoners must still be screened under § 1915(e), and this Court is bound by those decisions. *See, e.g.*, *Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[W]e have held that non-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e).") (citations omitted); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997); *Baker*, 75 F. App'x at 502; *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007). Therefore, Plaintiff's first objection has no merit and is **OVERRULED**.

### ii.    Cause of Action

Plaintiff next objects on the basis that her claims are based on the FTCA, which "does not rely on constitutional violations as a basis to bring a lawsuit[,]" but rather applies to any "act of omission or negligence or wrongful act on the part of the United States[,]" and that Magistrate Judge McCook's report and recommendation erred "in stating that [the FTCA] does" rely on constitutional violations.  (Doc. 32, at 1–3.)  Plaintiff further objects that, in any event, she alleged her constitutional rights were violated by local police and that the FBI, this Court, and state courts could have prevented these violations, so these entities' failure to do so amounts to negligent or wrongful acts or omissions, subject to liability under the FTCA.  (*Id.* at 2–3.)  Plaintiff also objects to analysis of her claims under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 396 (1971) because "[t]he Complaint is not predicated on *Bivens*.  The Amended Complaint is predicated on FTCA.  It was not the Plaintiff's intent to make it appear it is predicated on *Bivens*."  (Doc. 32, at 3.)

Because Plaintiff did not clearly label the causes of action in her amended complaint but cited the FTCA, § 1983, and *Bivens*, Magistrate Judge McCook screened the amended complaint for a viable claim under any of these causes of action and ultimately concluded it failed to state any claim.  (Doc. 31, at 4–9.)  The report and recommendation does not state that FTCA claims require a constitutional violation.  (*Id.* at 5–6.)  Claims brought pursuant to § 1983 involve constitutional analysis.  As such, the report and recommendation discussed constitutional violations insofar as it cited precedent holding that an inadequate investigation alone is insufficient to state a § 1983 claim unless there are allegations of violation of a specific constitutional right.  (*Id.* at 4–5.)

Magistrate Judge McCook did not err by engaging in § 1983 and *Bivens* analyses because Plaintiff's amended complaint cited these laws and did not clearly label causes of action.  (*See* Doc. 9.)  Therefore, Plaintiff's objections are **OVERRULED**.  However, because Plaintiff now unequivocally and repeatedly states that her "claims are brought under FTCA" in response to the report and recommendation, the Court will not consider in depth Plaintiff's further objections to any § 1983 or *Bivens* analysis in the report and recommendation.[1]  (*See* Doc. 32, at 2.)  The Court addresses objections to the report and recommendation's FTCA analysis below.  *See infra* Section II.B.iv.

---

[1] Plaintiff's third objection is to Magistrate Judge McCook's consideration of the case *Mitchell v. McNeil*, 487 F.3d 374, 378 (6th Cir. 2007), in screening her amended complaint.  (Doc. 32, at 3.) In *Mitchell*, the Sixth Circuit held that "[t]here is no statutory or common law right, much less a constitutional right, to an investigation."  487 F.3d at 378 (citation omitted).  Plaintiff argues that in *Mitchell v. McNeil*, "the parties did not file a claim under the Federal Tort Claims Act and this citation does not apply to this Plaintiff or Complaint and should not be considered."  (Doc. 32, at 3.)  Indeed, *Mitchell* was a § 1983 case, and the citation pertains to the report and recommendation's § 1983 analysis.  Therefore, the objection is **OVERRULED**.  *See supra* Section II.B.ii.  Nonetheless, the Court notes the Sixth Circuit's holding that "[t]here is no statutory or common law right, . . . to an investigation" means that no federal statute, including the FTCA, confers such a right.  *See Mitchell*, 487 F.3d at 378.

Plaintiff's sixth objection is to the report and recommendation's conclusion that the additional allegations in the amended complaint are frivolous.  (Doc. 32, at 4.)  Plaintiff argues that "[t]hey may appear frivolous as [Magistrate Judge McCook] did not cite the proper foundation of this complaint.  She alludes that this is a civil rights violation case and it is not."  (*Id.*)  Further, Plaintiff argues her allegations, if analyzed under the FTCA rather than § 1983, would not be frivolous.  As discussed above, the report and recommendation did analyze whether Plaintiff's allegations state a viable FTCA claim and determined they were frivolous under FTCA as well as § 1983.  (Doc. 31, at 5–6.)  Magistrate Judge McCook cited the Sixth Circuit holding that "a federal agency cannot be sued under the FTCA."  (*Id.* at 6 (citing *Chomic v. United States*, 377 F.3d 607, 608 (6th Cir. 2004).)  The Court finds that Magistrate Judge McCook properly applied this binding precedent to find that the amended complaint's additional allegations—which were stated only against federal agencies, *i.e.*, the FBI and DOJ—were frivolous to support a claim under the FTCA.  Therefore, this objection is **OVERRULED**.

### iii.   *Joinder*

Plaintiff next objects to Magistrate Judge McCook's finding that the additional allegations in the amended complaint misjoined the FBI and DOJ to this action in violation of Federal Rule of Civil Procedure 20.  (Doc. 32, at 3.)  Plaintiff states she did not join the FBI and DOJ "per Rule 20 . . . . [but rather] per Rule 15.  Rule 15 does not require the Plaintiff to limit the allegations or defendants or even the subject matter of the amended complaint."  (*Id.*)

Rule 15 governs procedure for amendment of pleadings.  Fed. R. Civ. P. 15.  Rule 20 allows permissive joinder of defendants in a single action if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  Courts in this circuit have repeatedly held that "a motion to amend under Rule 15(a) in which the moving party seeks to join a new party should be denied unless the moving party also satisfies 'the more specific permissive joinder provisions' of Rule 20[]."  *Hammond-Beville v. Landis*, No. 3:20-CV-00973, 2022 WL 16950277, at *3 (M.D. Tenn. Nov. 15, 2022) (quoting *Dottore v. Nat'l Staffing Servs., LLC*, No. 3:06CV01942, 2007 WL 21147668, at *3 (N.D. Ohio July 20, 2007)) (first citing *Desert Empire Bank v. Ins. Co.*, 623 F.2d 1371, 1374 (9th Cir. 1980); then citing *Young v. Braum's, Inc.*, No. 5:19-CV-00161, 2020 WL 11626227, at *2 (E.D. Tex. Nov. 19, 2020); and then citing *Kunin v. Costco Wholesale Corp.*, No. 10-11456, 2011 WL 6090132, at *3 (E.D. Mich. Dec. 7, 2011)).

In this case, Plaintiff amended her complaint as a matter of course pursuant to Rule 15(a)(1), but the amended complaint also asserts claims against new parties—the DOJ and FBI. (Doc. 9, at 1); *see Am. Oversight v. U.S. Dep't of Veterans Affs.*, 326 F.R.D. 23, 29 (D.D.C.

2018) (treating separate federal agencies as independent parties for Rule 20 analysis).  Therefore,

for the claims against DOJ and FBI to survive, Plaintiff must show that their joinder complies

with Rule 20 in addition to satisfying the requirements of Rule 15.  *See Hammond-Beville*, 2022

WL 16950277, at *3; *see also* Fed. R. Civ. P. 21 (permitting courts to dismiss misjoined parties

*sua sponte*).  Accordingly, Plaintiff's objection that Magistrate Judge McCook's Rule 20 analysis

"is irrelevant and should be disregarded" is meritless.  (Doc. 32, at 3.)  Plaintiff did not object to

the substance of the Rule 20 analysis—only the rule's application in the first place—and after

reviewing the record and the applicable law, the Court agrees with the magistrate judge's

findings of fact, conclusions of law, and recommendation, so it will not repeat such an analysis

herein.  Plaintiff's objection to the report and recommendation regarding joinder of the FBI and

DOJ is **OVERRULED**.

> #### iv.      *Authority to Grant Relief*

Plaintiff's next objection is to Magistrate Judge McCook's finding that this Court lacks

authority to grant a portion of the relief Plaintiff requests—namely, an order directing the FBI

and DOJ to investigate the crimes against her.  (Doc. 32, at 4.)  Plaintiff's objection to this point

states:

> The plaintiff has no way to contact the FBI or DOJ as Plaintiff's phone is
> compromised, her computer is compromised, her mail does not reach its
> destination.  She has had trouble with Federal Express and UPS when attempting
> to send court documents.  This court is the last resort for Plaintiff to have the FBI
> arrest these criminals and clean up the Oak Ridge Police Department.  That makes
> this claim of paramount importance to this Plaintiff's ability to survive without
> the ability to work or live in fear of the next attack.

(*Id.*)

The FTCA confers no authority on this Court to compel a federal agency to investigate

unlawful activity.  28 U.S.C. § 2674 ("The United States shall be liable, respecting the provisions

of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances . . . ."); *Chomic*, 377 F.3d at 608 ("[A] federal agency cannot be sued under the FTCA."). When a plaintiff alleges that a federal officer or entity violated a duty owed to him and there is "no other adequate means to the attain the relief he desires," he may seek an extraordinary remedy—the writ of mandamus—to compel the United States to perform the duty owed:

> As the writ is one of "the most potent weapons in the judicial arsenal," three conditions must be satisfied before it may issue. First, "the party seeking issuance of the writ [must] have no other adequate means to attain the relief he desires,"— a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process. Second, the petitioner must satisfy "'the burden of showing that [his] right to issuance of the writ is "clear and indisputable."'" Third, even if the first two prerequisites have been met, the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances.

*Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004) (alterations in original) (citations omitted) (quoting *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 403 (1976)).

In this case, Plaintiff did not style her action as a writ of mandamus. (*See* Doc. 9.) However, she requests relief in the form of compelling the FBI and DOJ to investigate "every crime committed by this Organized Crime Ring," states no plausible cause of action to attain such relief, and objects to dismissal because "[t]his is the Court of last resort." (*Id.* at 28; Doc. 32, at 4); *see supra* Section II.B.ii, n.1. Therefore, construing Plaintiff's pro se complaint liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court considers whether it has the authority to compel an FBI or DOJ investigation under the extraordinary remedy of mandamus. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General. Mandamus will not lie to control the exercise of this discretion. The same consideration applies equally as well to the United States Attorney." *Peek*

*v. Mitchell*, 419 F.2d 575, 577 (6th Cir. 1970) (internal citations and quotation marks omitted).

Further, the Sixth Circuit held that a writ of mandamus cannot issue to compel an FBI

investigation because "the decision to initiate a criminal investigation is left within the FBI's

discretion," so it owes no duty to a plaintiff to do so. *Leisure v. FBI*, 2 F. App'x 488, 490 (6th

Cir. 2001). Accordingly, the Court cannot compel a DOJ or FBI investigation of the alleged

crimes against Plaintiff, even by a writ of mandamus.

While the Court understands Plaintiff's concerns that "[t]his court is the last resort for

Plaintiff to have the FBI arrest these criminals[,] . . . . [which] makes this claim of paramount

importance to this Plaintiff's ability to survive without the ability to work or live in fear of the

next attack[,]" the Constitution dictates that it is not the role of the judiciary to remedy such

concerns:

> The attorney for the United States is an . . . executive official of the Government,
> and it is as an officer of the executive department that he exercises a discretion as
> to whether or not there shall be a prosecution in a particular case. It follows, as an
> incident of the constitutional separation of powers, that the courts are not to
> interfere with the free exercise of the discretionary powers of the attorneys of the
> United States in their control over criminal prosecutions.

*Peek*, 419 F.2d at 577 (quoting *United States v. Cox*, 342 F.2d 167, 171 (5th Cir. 1965)).

Accordingly, Plaintiff's objection to Magistrate Judge McCook's finding that the Court lacks

authority to grant the relief requested is **OVERRULED**.

## III.    JUDICIAL DISQUALIFICATION

Plaintiff's final objection to the report and recommendation states that the amended

complaint "contains allegations against this US District Court, Eastern District of Tennessee and

this court cannot rule on a lawsuit which [it is] named in as it creates a conflict of interest and

lays a foundation for appeal." (Doc. 32, at 4.) Plaintiff also filed a motion for change of venue

on the basis that "[a]ny judge or magistrate at the US District Court, Eastern District of

12

Tennessee has an evidenct [sic] conflict of interest in this matter." (Doc. 28, at 1.)  Because the motion and objection are based on the same argument, the Court considers them together.

"It has long been recognized that freedom of a tribunal from bias or prejudice is an essential element of substantive due process accorded litigants under the Fifth Amendment." *In re Demjanjuk*, 584 F. Supp. 1321, 1324 (N.D. Ohio 1984) (citations omitted).  Moreover, Congress has required that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned . . . [or when] he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]"  28 U.S.C. § 455(a)–(b)(1).  However, the judge presiding over a case is presumed to be unbiased and impartial, and a party challenging the judge's impartiality bears the burden of disproving the presumption.  *Demjanjuk*, 584 F. Supp. at 1325.  A party moving for the disqualification of a judge must present an affidavit in support of his or her motion, providing "more than conclusory statements regarding bias or apparent partiality on the part of the presiding judge."  *Id.* at 1324; *United States v. Sinclair*, 424 F. Supp. 715, 717 (D. Del. 1976) (holding that "[d]isqualification results only from the filing of a timely and legally sufficient affidavit"); *see also* 28 U.S.C. § 144 (requiring a "timely and sufficient affidavit" by a party alleging personal bias or prejudice on the part of the presiding judge).

In this case, Plaintiff has not filed an affidavit in support of her motion for change of venue or her objections to the report and recommendation, nor has she stated anything more than bare assertion of bias, prejudice, and conflict of interest.  The allegations against this Court in the amended complaint enumerate only Plaintiff's disagreement with the disposition of her federal cases, attempting to cast the Court's reasoned decisions as "protecting the corruption in the Oak

Ridge Police Department and City of Oak Ridge which makes this [Court] part of an organized crime ring that allow these entities to commit government fraud on a daily basis." (Doc. 9, at 8.) This bare assertion of bias based on Plaintiff's disagreement with prior rulings is not sufficient to overcome the presumption that the judges in this case are impartial. *See United States v. Story*, 716 F.2d 1088, 1090 (6th Cir. 1983) ("A bias sufficient to justify recusal must be a personal bias 'as distinguished from a judicial one,' arising 'out of the judge's background and association' and not from the 'judge's view of the law.'") (quoting *Oliver v. Mich. State Bd. of Educ.*, 508 F.2d 178, 180 (6th Cir. 1974)); *Lattanzio v. Brunacini*, No. CV 5:16-171, 2018 WL 1865164, at *2 (E.D. Ky. Apr. 18, 2018) ("[Plaintiff's] arguments that the Court does not 'hear' the plaintiff and 'sidesteps any negative motion issues brought before [it] by [the] plaintiff' are baseless and clearly stem from his dissatisfaction with the Court's previous rulings.").

Further, the undersigned has conducted a *de novo* review of all proceedings in Plaintiff's cases before this Court, and no misconduct or conflict of interest is evident in the record. *See Story*, 716 F.2d at 1090 ("The legal standard requires the facts to be such as would 'convince a reasonable man that a bias exists.'") (quoting *United States v. Thompson*, 483 F.2d 527, 5285 (3d Cir. 1973)); *McConnaughy v. Belmont Cnty. Courthouse*, No. 2:21-CV-2240, 2021 WL 4171900, at *1 (S.D. Ohio Sept. 14, 2021) (denying a motion for change of venue based on conflict of interest as moot, and, in the alternative, based on the merits due to the judge finding no apparent conflict in the record of all the plaintiff's cases before the court on de novo review). Judges have a duty not to recuse themselves unnecessarily, and unnecessary recusal wastes judicial resources and encourages judge-shopping. *Lattanzio*, 2018 WL 1865164, *2. Plaintiff's vague and unfounded assertions provide no basis for the alleged conflict of interest. Therefore,

the Court must not recuse.  Accordingly, Plaintiff's motion for change of venue (Doc. 32) is

**DENIED**, and her objection to the report and recommendation on this basis is **OVERRULED**.

## IV.    SERVICE AND RESPONSE

Plaintiff also filed a "motion for clarification," which asks the Court "[f]or an explanation

of why" Defendant's motion for an extension of time to answer the complaint was granted (Doc.

37).  To the extent this motion seeks legal advice or assistance from the Court, it is **DENIED**.

*See Mayes v. Sehorn*, No. 3:17-CV-01326, 2017 WL 5624495, at \*1 (M.D. Tenn. Nov. 22, 2017)

(denying a "motion requesting guidance and assistance with case") ("The court must be impartial

to all parties.  Therefore, the court cannot give legal advice or assistance to litigants, including

*pro se* litigants, because the court cannot favor or appear to favor one litigant over another

litigant.").  To the extent Plaintiff's motion can be construed as an objection to Magistrate Judge

McCook's order grating Defendant's motion for an extension, such an objection is also

**OVERRULED**.  Whether to grant an extension of time to file a responsive pleading is

committed to the sound discretion of the court upon a showing of good cause.  Fed. R. Civ. P.

6(b)(1).  The Court agrees with Magistrate Judge McCook's well-reasoned finding of good cause

based on the then-pending report and recommendation and motions, the disposition of which

greatly impacts the scope and form of Defendant's response.

Plaintiff also moved for an extension of time to serve the original complaint in the event

that the report and recommendation striking the amended complaint were adopted.  (Doc. 38.)

Federal courts must extend the time for formal service under Rule 4 of the Federal Rules of Civil

Procedure when a plaintiff demonstrates good cause.  Fed. R. Civ. P. 4(m); *United States v.*

*Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), *cert. denied sub nom.*

*U.S. & Mich., ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*, 215 L. Ed. 2d 51, 143

S. Ct. 782 (2023). Courts also retain discretion to enlarge that time frame, even in the absence of a plaintiff showing good cause. *Oakland Physicians*, 44 F.4th at 568.

Generally, later pleadings—that is, those pleadings filed or otherwise made operative after Defendant has already received formal service of process under Rule 4—may be served pursuant to Rule 5, which permits service by various less-formal methods, including "filing [the pleading] with the court's electronic-filing system." Fed. R. Civ. P. 5(a)–(b). "However, a pleading that asserts 'a new claim for relief against such a party must be served on that party under rule 4.'" *Travis v. Jaguar Cars*, No. 1:08-CV-10, 2008 WL 11342565, at *1 (E.D. Tenn. Oct. 15, 2008) (quoting Fed. R. Civ. P. 5(a)(2)).

In this case, Plaintiff represents that while she effected formal service of the amended complaint on Defendant under Rule 4, she never served the original complaint. (Doc. 38, at 1.) Further, Plaintiff proceeds *in forma pauperis* and is therefore entitled to have the United States Marshals Service ("USMS") serve Defendant on her behalf. (Doc. 5.) Nonetheless, Plaintiff has had difficulty effecting service, and she attributes fault to USMS rather than her own failure to comply with USMS instructions. (Doc. 38, at 2.) As a result, Plaintiff bases her motion for an extension of time to serve the original complaint on her belief that USMS is "not able to complete service in under 90 days," and requests an additional ninety days to effect service of the original complaint. (*Id.* at 2.) However, because the amended complaint included Plaintiff's overpayment-of-taxes claim, which is the only claim embodied in the original complaint, the now-operative original complaint contains no "new claim for relief" against Defendant. (*See* Docs. 2, 9.) Therefore, Rule 4 service of the original complaint is not required; rather, service under Rule 5 is sufficient. *See* Fed. R. Civ. P. 5(a)(2); *Travis*, 2008 WL 11342565, at *1. The service requirements under Rule 5 are far less onerous than those under Rule 4 and include

"sending it to a registered user by filing it with the court's electronic-filing system"—a method which Plaintiff has employed for most of her filings in this case. Fed. R. Civ. P. 5(b)(2)(E). The Court finds that granting Plaintiff's requested extension of time to serve would thus unnecessarily delay the case and waste judicial resources when Plaintiff has demonstrated her ability to expeditiously complete the Rule 5 service requirements. Accordingly, the motion (Doc. 38) is **DENIED**.

## V. CONCLUSION

For these reasons, the Court **OVERRULES** Plaintiff's objections to (Doc. 32) and **ADOPTS** Magistrate Judge McCook's well-reasoned report and recommendation (Doc. 31). As a result, the Clerk of Court is **DIRECTED** to **STRIKE** Plaintiff's amended complaint (Doc. 9) and her various notices related to the amended complaint (Docs. 12, 13, 15, 23). Plaintiff's original complaint (Doc. 2) **SHALL** proceed as the operative pleading in this case.

The Court also **DENIES** Plaintiff's motion to change venue (Doc. 28), motion for clarification (Doc. 37), and motion for extension of time to serve (Doc. 38). Further, Plaintiff's motion for investigation (Doc. 30) is hereby **DENIED AS MOOT** because it pertains only to claims that will be stricken upon entry of this order.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**